UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD EADIE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO,<br>et al.<br><br>　　　　Respondents. | Case No. 5:19-cv-00018-GW-KES<br><br>ORDER DISMISSING HABEAS ACTION WITHOUT PREJUDICE |

## I.
## BACKGROUND

Richard Eadie ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on a standardized form for such petitions. (Dkt. 1, "Petition.") Petitioner states that he is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") who is currently housed at the High Desert Detention Center in Adelanto, CA. (Pet. at 1-2.)[1] He states that in

---

[1] See also County of San Bernardino Inmate Locator, https://web.sbcounty.gov/sheriff/bookingsearch/bookingsearch.aspx.

1

November 2018, he pled nolo contendere to and was convicted of a probation violation based on possession of a controlled substance for sale. (Id. at 2.)

Under Ground 1 of the Petition, Petitioner states that the High Desert Detention Center has "substandard" health care and that "nurses" he has seen "refuse[] to give [him] the medical treatment that [he] desperately need[s]" for a hernia. (Id. at 3.) He also states the facility "is not equipped with the necessary medical equipment to treat [his] medical needs" and he "should be seen by a specialist." (Id.) Under Ground 2, Petitioner claims his rights under the Eighth Amendment, the Fourteenth Amendment, and the Americans with Disabilities Act are being violated in a number of different ways, including: (1) the failure to provide adequate "medical, dental, and health care," (2) the "fail[ure] to prevent unnecessary and excessive uses of force against inmates," (3) "the harmful and excessive use of solitary confinement," and (4) discrimination against inmates with disabilities. (Id. at 4.)

## II.
## LEGAL STANDARD

Under Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts, a habeas petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus … and a complaint under the Civil Rights Act of 1871 … 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). Generally, "challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus," while "requests for relief turning on circumstances of confinement may be presented in a" civil rights action. Id. "If the prisoner's claim challenges the fact or duration of the conviction or sentence, [the prisoner should file a habeas petition and] compliance

with AEDPA [the Anti-Terrorism and Effective Death Penalty Act] is mandated, while if the claim challenges any other aspect of prison life, the prisoner [should file a civil rights action and] must comply with the PLRA [Prison Litigation Reform Act]." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

## III.
## DISCUSSION

The Petition at issue does not challenge the validity of Petitioner's conviction for a probation violation or ask that he be released from custody. Instead, Petitioner complains about the conditions of his confinement and seeks monetary relief for pain and suffering. (Pet. at 6.) The proper way to bring such claims is to file a civil rights action under 42 U.S.C. § 1983 rather than a habeas petition.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. Nettles, 830 F.3d at 935-36. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)); see also Cobb v. Mendoza-Powers, No. 08-1920-FMC-FFM, 2009 U.S. Dist. LEXIS 124379 at *19, 2010 WL 364453 at *6 (C.D. Cal. Oct. 20, 2009) ("[P]rovisions of the [PLRA] may make it inappropriate to construe a habeas petition as a civil rights complaint. Due to the filing fee requirements of the PLRA, its provisions requiring sua sponte review of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless it is clear that he or she wishes to do so."), recommendation adopted at 2010 U.S. Dist. LEXIS 8089 (C.D. Cal. Jan. 25, 2010).

If the Court were to construe the present Petition as a civil rights complaint under 42 U.S.C. § 1983, it would likely be subject to dismissal on screening

because, among other things, it does not contain sufficient facts supporting each of Petitioner's claims.  See generally 28 U.S.C. § 1915A; Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Given this, and given that it is unclear whether Petitioner truly wishes to pursue a civil rights case, the Petition and this action will be dismissed without prejudice.  This dismissal does not prevent Petitioner from filing a subsequent habeas petition that challenges the fact or duration of his conviction or sentence, or from filing a new civil rights action bringing the same claims regarding the conditions of his confinement.

## VII.
## CONCLUSION

IT IS HEREBY ORDERED that the Petition (Dkt. 1) and this action are DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to provide Petitioner with a copy of the standard Central District form for filing civil rights complaints under 42 U.S.C. § 1983.

DATED:  January 15, 2019

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge